FILED

NOT FOR PUBLICATION

FEB 19 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MISAEL CARBAJAL MEJIA, AKA Misael Bonilla Silva, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73829 <br><br> Agency No. A078-062-194 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2016**
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Misael Carbajal Mejia, a native and citizen of Honduras, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).

Before the agency, Carbajal Mejia claimed he was persecuted and fears persecution on account of his political opinion and membership in a particular social group of National Party members. Substantial evidence supports the agency's conclusion that Carbajal Mejia did not establish a nexus to a protected ground based on the problems he experienced after witnessing the killing of a mayoral candidate. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-42 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"; record did not compel finding of nexus). Thus, Carbajal Mejia's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Carbajal Mejia failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Honduras. *See Silaya*, 524 F.3d at 1073.

Finally, according to the government, Carbajal Mejia was removed from the United States on March 11, 2014. Thus, his challenges as to his detention and the denial of a bond hearing are moot.

**PETITION FOR REVIEW DENIED.**